**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

LONNIE WILLIAMS,

        Defendant.

_____/

No. C 05-0383 PJH

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS; DENYING
GOVERNMENT'S MOTION IN
LIMINE; AND RE: SUPPRESSION
OF EVIDENCE**

On May 12, 2006, this court heard arguments on Williams' motion to dismiss the indictment and on the government's motion in limine in support of admission of evidence. Having considered the parties' arguments, the papers, and the relevant legal authority, and for the reasons stated on the record and summarized below, the court DENIES Williams' motion to dismiss the indictment, DENIES the government's motion in limine, and ORDERS suppression of the gun and the photographs of the gun.

**BACKGROUND**

Williams is charged with one count of possession of a firearm with an obliterated serial number pursuant to 18 U.S.C. § 922(k). On April 5, 2006, days before trial was to commence, the prosecuting attorney first learned during a conversation with a criminalist with the San Francisco Police Department that the gun's appearance had been altered during an attempt to restore the serial numbers. Because Williams' defense – that he lacked the requisite knowledge of the obliteration of the serial numbers – depended in large part on the appearance of the gun, the court vacated the trial date and allowed the parties to file motions as they deemed appropriate.

United States District Court
For the Northern District of California

1   Williams subsequently moved to dismiss the indictment, claiming that his due

2   process rights were violated by the government's alteration or destruction of the gun.  The

3   government moved in limine for admission of the gun in its altered state and/or for

4   admission of pre-restoration and post-restoration photographs of the gun.

5                                               **DISCUSSION**

6          **A.      Motion to Dismiss**

7          In *California v. Trombetta*, the Supreme Court held that the government's failure to

8   preserve evidence violates a defendant's due process rights when the evidence

9   "possess[es] an exculpatory value that was apparent before the evidence was destroyed,

10   and [is] of such a nature that the defendant would be unable to obtain comparable evidence

11   by other reasonably available means."  *California v. Trombetta*, 467 U.S. 479, 489 (1984).

12   In *Arizona v. Youngblood*, "the Court added the additional requirement," *see United States*

13   *v. Cooper*, 983 F.2d 928, 931 (9th Cir. 1993), that "unless a criminal defendant can show

14   bad faith on the part of the police, failure to preserve potentially useful evidence does not

15   constitute a denial of due process."  488 U.S. 51, 58 (1988); *see also United States v.*

16   *Curtin*, 2006 WL 851755 at *8 (9th Cir. Apr. 4, 2006) (reiterating that both *Trombetta* and

17   *Youngblood* requirements must be shown to prove a due process violation).

18          As stated on the record, the court finds that the evidence in this case – the weapon

19   – possessed exculpatory value at the time it was altered.  Moreover, although Williams

20   makes the most compelling argument regarding the unavailability of comparable evidence,

21   the court nevertheless finds that Williams has not demonstrated bad faith on the

22   government's part in the destruction or alteration of the evidence.  Instead, Williams has

23   focused primarily on showing bad faith in conjunction with the subsequent federal

24   prosecution – which is not the focus of the test for a due process violation.

25          Accordingly, Williams motion to dismiss is DENIED for the reasons stated on the

26   record.

27

28

                                                  2

**United States District Court**
For the Northern District of California

1

    **B.**    **Government's Motion in Limine**

2        The decision whether to admit criminal evidence that is lost or destroyed involves

3    an assessment of the quality of the government's conduct and the degree of prejudice

4    suffered by the accused.  *See United States v. Loud Hawk*, 628 F.2d 1139, 1152 (9th Cir.

5    1979) (en banc) (Kennedy, J., concurring).

6        In assessing the government's conduct, the court evaluates the following

7    factors:   (1) whether the evidence was lost or destroyed while in the government's custody;

8    (2) whether the government acted in disregard for the interests of the accused; (3) whether

9    the government was negligent in failing to adhere to established and reasonable standards

10    of care for police and prosecutorial functions; (4) if the acts leading to the destruction of

11    evidence were deliberate, whether they were taken in good faith or with reasonable

12    justification; (5) whether and to what degree federal officers were involved; and (6) whether

13    the government attorneys prosecuting the case participated in the events leading to loss or

14    destruction of the evidence.  *Id.*

15        In evaluating the degree of prejudice to the defendant, the court considers:  (1) the

16    centrality of the lost or destroyed evidence to the case and its importance in establishing

17    the elements of the crime or the motive or intent of the defendant; (2) the probative value

18    and reliability of the secondary or substitute evidence; (3) the nature and probable weight of

19    factual inferences or other demonstrations and kinds of proof allegedly lost to the accused;

20    and (4) the probable effect on the jury from absence of the evidence.  *Id.*

21        "When primary evidence is destroyed and secondary evidence is used, the latter's

22    admissibility at trial turns on a balancing test aimed at insuring a fair trial."  *United States v.*

23    *Lillard*, 929 F.2d 500, 504 (9th Cir. 1991) (citing *Loud Hawk*, 628 F.2d at 1151).  "The court

24    must weigh the extent of the Government's culpability for the lost evidence and the degree

25    of prejudice to the appellant."  *Lillard*, 929 F.2d at 504 (rejecting defendant's argument that

26    because chemicals seized from his methamphetamine lab were destroyed before they

27    could be weighed, that such evidence was not admissible at sentencing, noting that it was

28

United States District Court

For the Northern District of California

1  unclear that *Loud Hawk* rule applied at sentencing and that there was no prejudice or

2  misconduct in case).  In *Loud Hawk,* the Ninth Circuit emphasized the importance that the

3  secondary evidence be *reliable* and *trustworthy*.  628 F.2d at 1155 (emphasis added).  "The

4  usual sanction when the government has lost or destroyed evidence is suppression of

5  secondary evidence."  *United States v. Jennell*, 749 F.2d 1302, 1308 (9th Cir. 1985) (citing

6  *Loud Hawk*, 628 F.2d at 1146).

7         As noted at the hearing, the gun as primary evidence will not be admitted into

8  evidence because its appearance has been changed in a fundamental way by the

9  restoration attempts and it no longer looks like it did while in Williams' possession, which is

10  the only appearance that counts for purposes of Williams' defense.  Admitting it in its

11  altered form would be unduly prejudicial and such prejudice would outweigh its probative

12  value – as it now has very little probative value on the issue for which it is offered.  *See*

13  Federal Rule of Evidence 403.

14         Additionally, the photographs, as secondary evidence, will not be admitted because

15  after applying the *Loudhawk* test the, court finds that the prejudice to Williams is substantial

16  and that every factor of the prejudice inquiry weighs in Williams' favor.    As for the

17  centrality of the lost or destroyed evidence to the case and its importance in establishing

18  Williams' intent, the appearance of the weapon, and specifically the appearance of the

19  serial numbers, is Williams' whole case.  Second, regarding the probative value and

20  reliability of the secondary or substitute evidence,  having viewed the gun, the court finds

21  that the photos do not accurately depict it and are of such poor quality that Williams will be

22  significantly impaired in his ability to defend against the charge.  Third, as for the nature

23  and probable weight of factual inferences or other demonstrations and kinds of proof

24  allegedly lost to the accused, the court finds that Williams is prevented from making the

25  arguments that he would have based on the original appearance of the gun because the

26  photographs are of such a poor quality.  Finally, regarding the probable effect on the jury

27  from absence of the evidence, the court finds that in order to ensure fundamental fairness

28

4

1   to Williams, the jury needs to observe the weapon as Williams observed it at the time of his

2   arrest.

3                                    **CONCLUSION**

4          For the reasons above, and those stated on the record, the defendant's motion to

5   dismiss the indictment is DENIED.  The government's motion in limine is also DENIED.

6   Moreover, the court finds that suppression of the weapon and the photographs is required

7   pursuant to the Ninth Circuit's decision in *Loud Hawk* and Federal Rule of Evidence 403.

8          **IT IS SO ORDERED.**

9

10  Dated: May 15, 2006

11                                              _____
                                                PHYLLIS J. HAMILTON
12                                              United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5